UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MODINE MANUFACTURING COMPANY,<br><br>                              Plaintiff,<br>v.<br><br>BORG-WARNER, INC.,<br><br>                              Defendant. | Case No. 12-CV-815-JPS<br><br><br><br>ORDER |

     The plaintiff, Modine Manufacturing Company (Modine), filed its complaint in this matter on August 10, 2012, alleging that the defendant, Borg-Warner, Inc. (Borg-Warner), directly infringed, contributorily infringed, and induced infringement of Modine's United States Patent No. 8,033,323 (the '323 patent). (Docket #1, at ¶ 7). The '323 patent covers certain heat and gas exchange technology, which Modine alleges Borg-Warner is using illegally in violation of the rights granted to Modine by the '323 patent. (Docket #1, at ¶¶ 5–10). Borg-Warner, by its attorneys, entered its notice of appearance on December 19, 2012. (Docket #7).

     Approximately one month after appearing, Borg-Warner filed a motion to dismiss Modine's contributory and induced infringement claims, which has been fully briefed and is now before the Court. (Docket #12, #13, #18, #21). In its brief in support of that motion, Borg-Warner argues that Modine failed to allege facts in its complaint that would be sufficient to state a plausible claim for relief. (Docket #13, at 1). Modine disagrees, arguing that its complaint identifies a third party—Navistar—to whom Borg-Warner allegedly sells the infringing products, which should allow the Court to infer

that its contributory and induced infringement claims are plausible. (Docket #18, at 1–2). Modine also argues that Navistar's use of allegedly-infringing devices is an act of direct infringement, and, therefore, Borg-Warner's sale of those devices to Navistar necessarily would entail contributory and induced infringement. (Docket #18, at 2 (citing 35 U.S.C. § 271(a)). Finally, Modine also asserts that Borg-Warner's counterclaim of invalidity is similarly deficient and unsupported by any alleged facts, requiring dismissal, just as Borg-Warner argues that Modine's contributory and induced infringement claims should be dismissed. (Docket #18, at 2). In the alternative to all of its arguments against dismissal, Borg-Warner argues that it should be allowed to amend its complaint, if the Court were to determine that dismissal would otherwise be appropriate. (Docket #18, at 3 (citing *Edgenet, Inc. v. GS1 AIBSL*, 2010 U.S. Dist. Lexis 482, 2010 WL 55843 (E.D. Wis. 2010))).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court should dismiss any complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, as Borg-Warner, itself, points out, "[a]n allegation is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" (Docket #13, at 3 (citing *Iqbal*, 556 U.S. at 678)).

Here, the Court agrees with Modine that the complaint contains sufficient factual content to state a claim for relief that is plausible on its face. Modine's identification of Navistar as a third-party purchaser of the Borg-

Warner's allegedly-infringing product (*see* Compl. ¶ 8), for use only in specific models of engines in which the components would have no use other than infringing uses (*see* Compl. ¶ 8) and further allegations that Borg-Warner is aware of such infringement (*see* Compl. ¶ 9–10), when taken together, by inference position Borg-Warner as a potential contributor to and inducer of infringement. *See, e.g.*, *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) (citing 35 U.S.C. § 271(c); *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005)) (noting that contributory infringement requires the sale or offer for sale of any component for material use in a patented process, that component having no substantial non-infringing use, the seller knowing that the component is made for infringing use, and, more specifically, stating that a plaintiff must "plead facts that allow an inference that the components sold have no substantial non-infringing uses"; the Court finds that Modine's complaint gives rise to an inference of each of these elements); *DSU Med. Corp. v. JMS Co. Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (noting that inducement requires that an alleged infringer knowingly aid and abet another's direct infringement; if, indeed, Borg-Warner's product infringes, then the sale of the product to another may constitute inducement). Perhaps Modine has not specifically stated the exact facts that would establish contributory or induced infringement, but that is not what is required at the pleading stage. Rather, Modine simply needed to allege some set of facts that would allow the Court to reasonably infer that its contributory and induced infringement allegations against Borg-Warner are facially plausible. *See, e.g.*, *Iqbal*, 556 U.S. at 678. Modine has done so, clearing the bar at the motion to dismiss stage that is intended, in part, to prevent the

unnecessary expenditure of funds on discovery for unsupported and frivolous claims. Modine's contributory and induced infringement claims are not frivolous, and clearly have some support in the factual allegations, however unclear those facts may be at this point. Therefore, it is now time for the parties to endeavor to complete discovery, during which the factual background behind all of Modine's infringement claims—and also Borg-Warner's invalidity claims, which are similarly unspecific—will come into much clearer focus.

Accordingly,

IT IS ORDERED that Borg-Warner's motion to dismiss (Docket #12) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 12th day of March, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge